Order Form (01/2005)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 6345 | **DATE** | AUG 21 2012 |
| **CASE TITLE** | Robert Lee Henderson (#411-82-424) vs. Catherine Linaweaver, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion to proceed *in forma pauperis* [#3] is granted. The Court orders the trust fund officer at Plaintiff's current place of incarceration to deduct $15.50 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee. The Clerk shall send a copy of this order to the trust fund officer at the Metropolitan Correctional Center. Plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. The case is terminated. Plaintiff's motion for appointment of counsel [#4] is denied as moot. This is one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ [For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff, Robert Lee Henderson, an inmate in federal custody at the Metropolitan Correctional Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges Defendants violated his rights by being deliberately indifferent to a serious medical condition. More specifically, Plaintiff alleges that he received inadequate care after surgery for an aortic aneurism that resulted in paralysis of his vocal chords. Plaintiff sues Catherine Linaweaver, the warden of the Metropolitan Correctional Center, and Dr. Paul Harvey, a medical doctor at the prison.

Plaintiff having shown that he is indigent, his motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $15.50. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. This payment obligation will follow Plaintiff in the event of his transfer to any other correctional facility.

However, in addition to filing this case, Plaintiff is pursuing another case in this Court, also assigned to Judge Conlon, *Henderson v. Eskandari*, Case No. 12 C 6344 (N.D. Ill.) (Conlon, J.). In that case, Plaintiff alleges as to Defendants Linaweaver and Harvey, as well as two doctors at Northwestern Hospital, deliberate indifference to medical care. He alleges that his vocal chords are paralyzed due to the surgery performed by the doctors at Northwestern Hospital and the inadequate care he received after the surgery.
**(CONTINUED)**

AWL

## STATEMENT

The present complaint raises the identical issues against the same Defendants. "As a general rule, a federal suit may be dismissed 'for reasons of wise judicial administration.... whenever it is duplicative of a parallel action already pending in another federal court.' *Ridge Gold Standard Liquors v. Joseph E. Seagram*, 572 F. Supp 1210, 1213 (N.D.Ill.. 1983) (*citing Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976); *Calvert Fire Ins. Co. V. Am. Mut. Reinsurance Co.*, 600 F.2d 1228, 1233 (7th Cir. 1979)). District Courts are accorded 'a great deal of latitude and discretion' in determining whether one action is duplicative of another, but generally a suit is duplicative if the 'claims, parties, and available relief do not significantly differ between the two actions.' *Ridge Gold*, 572 F.Supp. at 1213 (citations omitted)." *Berlin v. Andersen*, 3 F.3d 221, 223 (7th Cir. 1993). In the present case, the facts alleged are identical as to the two Defendants common to both complaints. Consequently, Plaintiff's complaint in this case is dismissed. Plaintiff can pursue relief for the claims made in this case in his prior filed suit.

For these reasons, Plaintiff's complaint is dismissed. Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a suit brought *in forma pauperis* at any time if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, the Court finds that because the claims in this complaint are identical to the claims raised in *Henderson v. Eskandari*, Case No. 12 C 6344 (N.D. Ill.) (Conlon, J.), this complaint is frivolous and dismisses the complaint with a "strike" pursuant to 28 U.S.C. § 1915(g). Plaintiff certainly has the right to file complaints, but Plaintiff cannot waste the Court's resources by filing frivolous lawsuits. Plaintiff's motion for appointment of counsel is denied as moot.

If Plaintiff wants to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also accumulate another "strike" under 28 U.S.C. § 1915(g).

*Suzanne B. Conlon*